IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALL ACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorney for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>    Plaintiff,<br><br>vs.<br><br>HOTEL MANAGERS GROUP, LLC.; and KHANNA ENTERPRISES VI, LP,<br><br>    Defendants | Case No. '25CV2637 GPC BJW<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

JAMES ALGER ("Plaintiff") brings this disability civil rights action against HOTEL MANAGERS GROUP, LLC.; and KHANNA ENTERPRISES VI, LP ("Defendants"). This action concerns the denial of equal access for individuals with disabilities at the Hilton San Diego Mission Valley Hotel, located at 901 Camino del Rio S San Diego, CA 92108 ("Hotel"), in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff alleges as follows:

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
1

## INTRODUCTION

1. More than three decades ago, Congress enacted, and President George H.W. Bush signed into law, the Americans with Disabilities Act ("ADA"), a landmark civil rights statute designed to ensure that individuals with disabilities are fully integrated into the nation's social and economic life. 42 U.S.C. § 12101(a). Yet, despite this clear and longstanding mandate, on September 13, 2025, Plaintiff was denied equal access to the goods and services offered at the Hotel. Defendants, as the owners, operators, lessors, and/or lessees of the Hotel, failed to comply with the ADA by constructing barriers and/or failing to remove existing barriers, both architectural and policy-based, that prevent individuals who rely on wheelchairs or other mobility devices from enjoying and using the facility in the same manner as nondisabled patrons.

2. Because of Defendants' unlawful conduct, Plaintiff has suffered harm and continues to face deterrence and exclusion from Defendants' goods, services, and facilities on terms equal to those available to persons without disabilities. Plaintiff seeks, through this action, an injunction requiring Defendants to bring their facilities into compliance with the ADA.

## JURISDICTION AND VENUE

3. Plaintiff brings this action as a private attorney general pursuant to 42 U.S.C. § 12188 and 28 C.F.R. § 36.501(a), having been personally subjected to discrimination based on his disability. These provisions expressly authorize private individuals to seek injunctive relief to enforce the public rights guaranteed under Title III of the Americans with Disabilities Act.

4. This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*.

5. Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and

that Plaintiff's causes of action arose in this District.

**PARTIES**

6. Plaintiff suffers from peripheral neuropathy, a condition that affects the peripheral nerves responsible for muscle control and sensation. This condition causes a progressive loss of strength and feeling in Plaintiff's hands, arms, legs, and feet. Because of these limitations, Plaintiff is substantially limited in several major life activities, including walking and performing tasks requiring fine motor skills. Plaintiff relies on a wheelchair or motorized scooter ("Wheelchair") for most mobility needs and drives a vehicle equipped with hand controls. To help manage pain and preserve functionality, Plaintiff regularly uses aquatic facilities for therapeutic purposes. Plaintiff has continuously possessed a permanent disabled parking placard issued by the State of California since approximately 1994 and, at all relevant times, has resided in Porter Ranch, California.

7. Defendants are and at all relevant times were the owners, operators, lessors, and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

8. Defendants failed to provide the accommodations required to make their facilities, goods, and services accessible to Plaintiff and other individuals with physical disabilities. By disregarding federal accessibility standards, Defendants caused the violations and barriers described in this complaint, resulting in ongoing denial of full and equal access to Plaintiff.

9. Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for

1  the acts and omissions of the other Defendants in proximately causing the injuries
2  complained of here.  All actions alleged here were done with the knowledge,
3  consent, approval, and ratification of each of Defendants here, including their
4  managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

6  10.    The Hotel and its facilities, including, but not limited to, its entrances/exits,
7  parking, interior paths of travel, transaction counters, restrooms, and pool are each
8  a "public accommodation" and part of a "business establishment," subject to the
9  requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7).
10 11.    On information and belief, since January 26, 1993, the Hotel and its facilities
11 have been subject to construction, alterations, structural repairs, and/or additions
12 that trigger compliance obligations under § 303 of the ADA (42 U.S.C. § 12183).
13 12.    Based on publicly available records, Plaintiff is informed and believes that
14 the Hotel was originally constructed in 1987 and underwent substantial renovations
15 valued at approximately $12 million between 2014 and 2015. These renovations
16 included the addition of a 5,000-square-foot outdoor deck, a new ballroom foyer,
17 boardrooms, breakout rooms, and office spaces.
18 13.    Plaintiff is further informed and believes, based on publicly available
19 information, that the Hotel's parking lot was restriped and/or repaved between
20 2018 and 2019, during which time designated accessible parking spaces located in
21 front and on the side of the Hotel's entrance were removed.
22 14.    Regardless of the Hotel's history of construction or modification, the access
23 barriers identified at the property remain subject to the "readily achievable" barrier
24 removal requirements imposed by Title III of the ADA.
25 15.    Plaintiff participates in several hotel loyalty programs and currently

maintains Diamond status with Hilton Honors.[1] For nearly a decade, Plaintiff has averaged well over 75 hotel stays each year, booking lodging for a wide range of purposes.[2] In making hotel selections, Plaintiff places particular value on the availability of pools and Jacuzzis ("Aquatic Facilities"), which play an important role in his health routine. Other factors he weighs include room rates, proximity to electric vehicle charging stations, the property's convenience to his planned activities, and sometimes simply the opportunity to experience a new location.

16. Because aquatic exercise helps Plaintiff preserve muscle strength and mobility, access to hotel Aquatic Facilities is both medically beneficial and personally meaningful. To use these facilities safely, however, Plaintiff requires an accessible pool or Jacuzzi lift. Over time, Plaintiff has repeatedly encountered hotels where lifts were missing, unusable without assistance, or not in working condition. As his condition has advanced and his reliance on accessible facilities has grown, the absence or dysfunction of such equipment has become a persistent and discouraging obstacle.

17. Plaintiff planned to visit the San Diego Zoo on Sunday, September 14, 2025. As an annual passholder of multiple California attractions, including the San Diego Zoo, Plaintiff routinely pre-positions himself in this manner to facilitate planned recreational activities and provide room for the unpredictable nature of his disability. For his overnight accommodations on September 13, 2025, Plaintiff booked a room at the Hotel.

18. Upon arrival, Plaintiff observed the loading area near the entrance. However, there was no designated or protected accessible loading space. Transferring from

---

[1] Diamond is the highest level of the Hilton Honors rewards system.
[2] For clarity, when averaging total stays over the last eight years, which is as far back as Plaintiff has data, it equals approximately 178 stays per year with one hotel chain alone. His current average in recent years is above 75 stays annually.

1 the driver's seat to his mobility scooter on the driver's side, would have placed him
2 directly in the path of moving vehicles. Unwilling to assume that risk, Plaintiff
3 proceeded to the outdoor parking lots instead.

4    19.    The Hotel has three outdoor parking lots and one parking garage. In each of
5 the three outdoor lots, Plaintiff did not observe a single designated accessible
6 parking space. As a result, he was forced to park at the back of the lot and traverse
7 the entire parking lot and driveway in his mobility scooter thereby placing him in
8 the path of traffic.

9    20.    After parking, Plaintiff proceeded inside to check in. At the front desk, there
10 was no apparent accessible check-in counter. Plaintiff had to use a counter that was
11 uncomfortably high, and the credit card reader was likewise mounted on that same
12 elevated surface, making the transaction awkward and difficult.



26    21.    Approximately one hour after checking in, Plaintiff left the Hotel to meet
27 friends for dinner. When he returned later that evening, he attempted to park in the

1  garage, where the only designated accessible parking spaces were located near the
2  elevator. However, the door to the elevator lobby was so heavy that Plaintiff was
3  unable to open it independently.
4  22.  Once back in the room, everything initially appeared adequate. However, the
5  following morning when attempting to shower, Plaintiff encountered two
6  significant barriers. First, the soap and shampoo dispensers had been installed well
7  out of reach from the shower seat, making them unusable. Second, the so-called
8  "adjustable" hand shower was in fact fixed in place. The holder had been mounted
9  above the top bracket of the vertical slide bar, preventing it from being lowered,
10 rotated, or aimed properly. In addition, the shower seat itself was visibly unsafe, as
11 several screws were loose from the wall. Given that proper securement of such
12 seating is of the utmost priority for safe independent use, this condition made the
13 barrier even more unacceptable. Because of these combined defects, Plaintiff was
14 unable to bathe independently.



COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
7



23.     That morning, Plaintiff intended to take a short soak in the Jacuzzi before heading to the zoo. Upon arriving at the Aquatic Facilities, however, both pool and Jacuzzi lifts were unusable. The batteries had been removed, and the seats were missing, leaving the equipment disassembled and entirely nonfunctional.





24. Excluded from the amenities he had paid for, Plaintiff abandoned his plan,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

9

returned to his room, gathered his belongings, and left for the zoo.

25.  Each barrier compounded the next: the unprotected loading area that made a driver-side transfer unsafe; the absence of accessible stalls in the outdoor lots; the heavy garage door Plaintiff could not open; the inaccessible check-in counter and card reader; the out-of-reach shower dispensers; the mis-installed slide-bar shower that could not be adjusted; and the pool and spa lifts left inoperable without seats or batteries. Collectively, these barriers denied Plaintiff the ability to use the Hotel independently and on equal terms. Plaintiff intends to return to San Diego and will stay at this property if it is made accessible to him. Until such accessibility improvements are made, however, Plaintiff is deterred from returning because he cannot access the Hotel without difficulty, discomfort, and embarrassment caused by the ongoing barriers.

26.  These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's accessibility expert.

27.  Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued or attempted visits, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

28.  Defendants were aware or reasonably should have been aware, that certain aspects of their establishment and their policies made the Hotel inaccessible, constituting a violation of federal law and hindering or denying access to individuals with mobility impairments. Based on available information, it is believed that Defendants possess the necessary financial means to eliminate these obstacles and make the Hotel accessible to people with physical disabilities. But Defendants have not taken action to remove these barriers or to ensure full and

equal access to the facility.

## CLAIM:

## VIOLATION OF THE ADA, TITLE III

### [42 U.S.C. §§ 12101 et seq.]

29. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

30. Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

31. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

32. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

33. The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it.

34. Plaintiff alleges on information and belief that the Hotel was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA.

35. Here, Defendants violated the ADA by designing or constructing (or both) the Hotel in a manner that did not comply with federal disability access standards even though it was practicable to do so.

36. The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA. Accessible parking, loading zones, check-in counters, guest rooms, and an accessible swimming pool and Jacuzzi, are fundamental requirements for

1  equal access. Without these features, Plaintiff cannot fully and equally enjoy the
2  goods and services offered at the Hotel. The cost of removing these barriers does
3  not outweigh the benefit of access; rather, such measures are basic obligations of
4  operating a public accommodation. Barrier removal here is readily achievable, and
5  the types of barriers identified in this complaint are among those the Department of
6  Justice has specifically recognized as presumably readily achievable.
7  37.   Defendants have discriminated against Plaintiff in violation of Title III of the
8  ADA by: (a) providing benefits that are unequal to that afforded to people without
9  disabilities; (b) failing to make reasonable modifications in policies, practices, or
10 procedures when such modifications are necessary to afford (and would not
11 fundamentally alter the nature of) the goods, services, facilities, privileges,
12 advantages, or accommodations of the Hotel to individuals with disabilities; (c)
13 failing to remove architectural barriers in existing facilities where such removal is
14 readily achievable; and (d) where Defendants can demonstrate the removal of
15 architectural barriers is not readily achievable, failing to make the goods, services,
16 facilities, privileges, advantages, or accommodations of the Hotel available
17 through alternative methods if such methods are readily achievable. On
18 information and belief, as of the date of Plaintiff's most recent visit to the Hotel
19 and as of the filing of this Complaint, the subject premises have denied and
20 continue to deny full and equal access to Plaintiff and to other similarly mobility
21 disabled persons in other respects, which violate Plaintiff's rights to full and equal
22 access and which discriminate against him on the basis of his disability, thus
23 wrongfully denying him the full and equal enjoyment of the goods, services,
24 facilities, privileges, advantages and accommodations, in violation of §§ 12182 and
25 12183 of the ADA.
26 38.   Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies
27 and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C.

2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

39. Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted.

WHEREFORE, Plaintiff requests relief as outlined below.

### PRAYER FOR RELIEF:

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction compelling Defendants, in their capacities as the current owners, operators, lessors, and/or lessees of the subject property, premises, and related facilities, to undertake such modifications as are necessary to bring said property, premises, and facilities into compliance with applicable accessibility requirements so as to provide full and equal access to individuals with physical disabilities; and further enjoining Defendants to provide, maintain, and operate said facilities in a condition that ensures ongoing usability by Plaintiff and all similarly situated persons with disabilities, as mandated by law.

2. Declare that Defendants' actions and omissions described herein violate Title III of the ADA.

3. Retain jurisdiction over the defendants until the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public accommodations as complained of herein no longer occur, and cannot recur;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | Date: October 4, 2025 | ALLACCESS LAW GROUP |

                                                              */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

14